## In re KRAUSE.

(District Court, S. D. New York. July 15, 1907.)

BANKRUPTCY—RECEIVERSHIP—EXPENSES.

> Where the proceedings of a receiver in bankruptcy were beneficial to the estate, and the items of expense seemed reasonable and necessary at the time they were incurred, the receiver and his attorneys having acted according to their best judgment and on sufficient cause at the time, such expenses would be allowed, though it thereafter appeared that the receivership had cost more than the necessities justified.

Henry L. Slobodin, for creditors.

James, Schell & Elkus, for receiver and trustee.

CHATFIELD, District Judge. This motion comes up upon the report of a special commissioner, allowing the receiver and his attorneys certain sums for their services in involuntary bankruptcy proceedings. The estate was small, but much of the property now in the hands of the trustee seems to have been obtained through the efforts of the receiver and his attorneys. A number of claimants for wages objected to the expenses of the receiver, and to the allowances given him and his attorneys, for the reason that the sum which will be left, applicable to the payment of wages claims, is not sufficient to pay the whole of those claims, and that the receivership has been too expensive.

It certainly appears, in the light of present circumstances, that this receivership has cost more than the necessities, viewed from the point of results, would justify, but, as found by the referee, the items of expense appear to have seemed reasonable and necessary at the time they were incurred, and it does not seem that the receiver and his attorneys can be blamed or held responsible, inasmuch as they apparently acted according to their best judgment and upon sufficient cause at the time. The amount allowed them for their services is not excessive, and while the hardship to the claimants, who are wage earners, would have had an effect upon the situation, if it could have been viewed from the present standpoint, nevertheless it seems that, if the receiver and his attorneys had not acted as they did, the wage earners would receive even less than they will under the present circumstances.

The report of the special commissioner will therefore be confirmed in all respects.